1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   RUDY LEMUS, et al.,                    )
8                           Plaintiffs,     )        Case No. 2:06-cv-01158-RCJ-PAL
                                            )
9   vs.                                     )        **ORDER**
                                            )
10  BURNHAM PAINTING AND DRYWALL           )
    CORPORATION, et al.,                   )        (M/Conditionally Certify - #60)
11                                          )
12                          Defendants.      )
13  _____)

14       Before the court is Plaintiff's Motion for Collective Action Class Certification and Court

15  Supervised Notice of Pending Collective Action (#40), filed March 20, 2007.  The defendants' filed an

16  Opposition (#57) on April 30, 2007.  Defendant Pulte Homes filed a  joinder (#54) on April 30, 2007.

17  The plaintiffs filed a Reply (#59) on May 14, 2007. The court conducted a hearing on June 5, 2007.

18                                    **BACKGROUND**

19       Plaintiffs Rudy Lemus, Manuel Lopez Zarate, Arturo Carreno Garcia, Narman Uribe and Lino

20  Calderon Mendoza ("The Lemus Plaintiffs") brought an action on behalf of themselves and others

21  similarly situated and seek class and conditional collective action certification, asserting defendants

22  Centennial Drywall Systems, Inc., ("Centennial") and Burnham Painting and Drywall Corporation

23  ("Burnham") violated the provisions of the Fair Labor Standards Act ("FLSA") by failing to pay

24  overtime wages.

25       The Motion for Collective Action Class Certification and Court Supervised Notice of Pending

26  Collective Action (#40) asserts the plaintiffs' complaint allegations coupled with the declarations of

27  plaintiffs Lemus, Garcia, and Uribe, attached as Exhibits "A," "B," and "C" to the motion, establish the

28  plaintiffs and other painters employed by the defendants were subjected a common, unlawful practice of

1  working in excess of forty hours a week without overtime compensation.  The plaintiffs thus argue they

2  have satisfied the "similarly situated" requirement necessary for conditional collective action

3  certification under Section 216(b) of the FLSA.

4         The Lemus Plaintiffs define the putative class as:

5                    All painters who performed work for Centennial Drywall Systems, Inc.

6                    and Burnham Painting and Drywall Corp. for the time period from

7                    September 15, 2003 to the present and were not paid wages and overtime

8                    compensation pursuant to the Fair Labor Standards Act.

9  (Mot. at 4:13-16.) The three declarations of plaintiffs Lemus, Garcia, and Uribe supporting the motion

10  aver that they, and other painters employed by the defendants, routinely worked in excess of forty hours

11  per week but were not paid overtime.  Rather, the plaintiffs and other painters with whom they worked

12  were paid on a piece-rate basis regardless of the number of hours worked.  Each of the named plaintiffs

13  filled out employment forms indicating they were independent contractors.

14         The Lemus Plaintiffs argue that because twenty-five individuals have filed consents to opt in

15  with the five named plaintiffs prior to circulation of the notice of conditional certification, there is a

16  "strong indication" others are similarly situated and interested in joining this collective action.  The

17  Lemus Plaintiffs ask the court to conditionally certify the collective class action as described, approve

18  the proposed notice attached as Exhibit "D," and order the defendants to turn over the names and

19  addresses of all individuals covered by the class description.

20         Defendants Burnham and Pulte both oppose the motion, arguing that plaintiffs have not met

21  their burden of demonstrating that potential class members are similarly situated.  Acknowledging that

22  the case law requires only a modest factual showing, the defendants argue the plaintiffs' motion and

23  supporting affidavits omit important facts, specifically, that all of the workers' individual situations

24  vary, and that some of the workers were independent contractors rather than employees.  The

25  defendants contend that the determination of whether a worker is an employee or an independent

26  contractor is a fact intensive inquiry, and that unless the court determines the workers were employees,

27  they would not be entitled to overtime pay.  Additionally, defendants argue there is a valid dispute

28  concerning whether all painters who performed work for Burnham and Centennial from September 15,

2

2003 until the present are similarly situated. Burnham asserts that on June 1, 2005, Burnham and Centennial entered into an agreement for which Centennial was to furnish labor for Burnham projects. This agreement ended December 15, 2006. Each of the workers performing work as a touch-up painter, finisher, prepper, sprayer, or masker on Burnham projects from June 1, 2005 until December 15, 2006 executed independent contractor agreements with Centennial, including each of the five named plaintiffs.

Burnham also argues that plaintiffs requested notice is overly broad in seeking to notify any painter who worked for Burnham and Centennial from September 2003 to the present, because there was no relationship between Centennial and Burnham prior to June 1, 2005. Thus, painters who worked for either Burnham or Centennial prior to June 1, 2005 are not similarly situated to the named plaintiffs or the remainder of the proposed class. Burnham relies on the depositions of three of the named plaintiffs to support its arguments that the named plaintiffs were independent contractors, rather than employees and argues that based on discovery conducted to date, the individual circumstances of the proposed plaintiffs are so dissimilar that the court should not grant conditional certification.

Defendant Pulte Home Corporation ("Pulte") filed a Joinder (#54) objecting to certification of any class that involves or references Pulte Home or employees of Burnham or Centennial who worked on a Pulte Home project. Pulte joins Burnham's arguments that conditional certification of a collective action is inappropriate in this case because plaintiffs cannot demonstrate they are similarly situated to potential plaintiffs, because analysis of each potential plaintiff's claim requires a highly individualized inquiry. Specifically, the determination of whether each individual is an independent contractor or an employee is such a highly factual and individualized inquiry that conditional certification of a class pursuant to Section 216(b) is inappropriate. Finally, Pulte argues that plaintiffs' only claims against it are under state law, and that even if the court decides to certify a conditional class against Burnham and Centennial, it would be inappropriate to certify the same class against Pulte.

In reply, the Lemus Plaintiffs note that this district has employed the majority two-tiered approach to determine whether potential plaintiffs are similarly situated for purposes of conditional class certification. The plaintiffs' burden under the first tier is light and may be based on the pleadings and affidavits of the plaintiffs. The plaintiffs argue the defendants incorrectly apply the more stringent

1  second tier analysis in opposing the motion, and contend that factual determinations regarding the

2  propriety and scope of the class are more appropriately made at the completion of discovery on

3  defendants' motion for decertification.  Plaintiffs point out that the defendants have not submitted any

4  declarations which contradict those submitted by the plaintiffs.  Plaintiffs also argue that the existence

5  of signed independent contractor agreements does not control whether the parties' relationship is that of

6  employer/employee for purposes of the FLSA.  Finally, plaintiffs acknowledge they do not have a direct

7  FLSA claim against Pulte, but assert class certification against Pulte is nevertheless appropriate.

8  Plaintiffs base their claim against Pulte on N.R.S. 608.150 which treats the general contractor as an

9  employer of subcontractors' employees, and gives the employees a private right of action against a

10  general contractor and/or subcontractor.  Plaintiffs reason that because N.R.S. 608.150 makes Pulte

11  liable for debts of Burnham and Centennial, Pulte must participate in the conditional certification

12  process or risk waiving its right to defend liability later.

13  **DISCUSSION**

14  **I.      Conditional Certification Standard**

15          Under the Fair Labor Standards Act, an employee may initiate a class action on behalf of

16  himself and others similarly situated.  29 U.S.C. §216(b).  The requirements for class action

17  certification under Fed. R. Civ. P. 23(a) do not apply to claims arising under the Act.  Kinney Shoe

18  Corp. v. Vorhes, 564 F.2d 859, 862 (9th Cir. 1977).  The FLSA permits an action to recover minimum

19  wages, overtime compensation, liquidated damages, or injunctive relief.  While a plaintiff may bring an

20  action on behalf of himself and others similarly situated, "no employee shall be a party to any such

21  action unless he gives his consent in writing to become such a party and such consent is filed with

22  the court in which such action is brought."  29 U.S.C. §216(b).  This is commonly referred to as the

23  "opt-in" provision.  The Supreme Court has held that district courts have the discretion, in appropriate

24  cases, to implement §216(b) by facilitating notice to potential plaintiffs.  Hoffmann-LaRouche, Inc. v.

25  Sperling, 493 U.S. 165, 169 (1989).  The Act does not define the term "collective action."  However,

26  the Ninth Circuit has held that a collective action is "an action brought by an employee or employees

27  / / /

28  / / /

4

1  for and in behalf of himself or themselves and other employees similarly situated." Gray v. Swanney-

2  McDonald, Inc., 436 F.2d 652, 655 (quoting H. R. Rep.  No. 326, 80th Cong., 1st Sess. at 14) (internal

3  quotations omitted).

4          A number of courts have adopted a two-step approach for determining whether potential

5  plaintiffs are "similarly situated" for purposes of class certification under §216(b).  This approach

6  involves notification to potential class members of the representative action followed by a final

7  "similarly situated" determination after discovery is completed.  At the first, or "notice stage" the court

8  usually relies on the pleadings and any affidavits submitted, and applies a lenient standard which

9  typically results in "conditional certification" of a representative class.  Mooney v. Aramco Services,

10  Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995); Kane v. Gage, 138 F. Supp. 2d 212, 214 (D. Mass. 2001).

11  At the initial notice stage, plaintiff needs only to make substantial allegations that the putative class

12  members were subject to a single decision, policy, or plan that violated the law.  Mooney, Id. at 1214

13  n. 8.

14          In Edwards v. City of Long Beach, 467 F.Supp.2d 986 (C.D.Cal., 2006) the court found

15  conditional certification of a § 216(b) collective action to be appropriate.  The named plaintiff,

16  Edwards, brought suit on behalf of himself and between 900 and 1,000 police officers represented by

17  the Long Beach Police Officers' Association.  Plaintiff alleged that the department had a policy and

18  practice of denying plaintiffs and other officers thirty-minute uninterrupted meal periods.  The

19  defendant opposed conditional class certification, pointing out differences between Edwards' job duties

20  and another potential member of the collective action.  Defendants presented a detailed analysis of the

21  difference in the two officers' positions and duties and the differences in their potential claims.

22  However, the court found the plaintiffs met their threshold showing that the potential members of the

23  Section 216(b) collective action were "similarly situated" based on plaintiffs' complaint allegations,

24  and supporting affidavits and exhibits that asserted Edwards routinely worked unpaid overtime in

25  violation of the FLSA, and that his experiences were shared by members of the proposed collective

26  action.  Id. at 991. The court also found that defendants arguments were better suited for the more

27  stringent second step of the Section 216(b) collective action certification analysis in a motion to

28  / / /

5

1  decertify the Section 216(b) collective action after notice had been given and the deadline to opt in had
2  passed.  Id. at 990.

3       Similarly, in Leuthold v. Destination America, 224 F.R.D. 462 (N.D.Cal. 2004), the court
4  applied the two-tiered approach to evaluate whether a FLSA collective action should be certified to
5  provide initial notice to prospective plaintiffs followed by a final evaluation whether plaintiffs who
6  opted in were similarly situated.  There, the plaintiffs sought FLSA collective action certification
7  pursuant to Section 216(b) on behalf of a class consisting of all current or former tour directors of two
8  separate, but interrelated companies who worked or resided in the United States while working for the
9  companies.  Although finding it a close question, given the extensive discovery that had already taken
10 place, the court determined notice should be sent to the proposed class for several reasons.  Id. at 468.
11 First, although extensive discovery had taken place, there were numerous discovery disputes and it was
12 unclear to the district court whether a complete factual record had been developed and presented.  Id.
13 Second, the majority two-tier approach contemplates a progression in which the court first reaches the
14 threshold question whether conditional certification and notice are appropriate, and then applies more
15 rigorous analysis in a motion to decertify the class.  Id.  Applying the more lenient first tier analysis, the
16 court found the plaintiffs had met their threshold burden by making substantial allegations that the
17 putative class members were subject to a single illegal policy, plan or decision.  Id.  The plaintiffs'
18 complaint allegations that tour directors and tour managers employed by defendants had not been paid
19 overtime wages, together with plaintiffs' affidavits which described their job duties, asserted that they
20 often worked more than forty hours per week without overtime pay, and claimed that their experiences
21 were common to the proposed class were enough to support this threshold showing.  Id.  The Leuthold
22 court noted that the number and type of plaintiffs who chose to opt in to the class might affect the
23 court's second tier inquiry concerning the disparate factual and employment situations of the opt in
24 plaintiffs, and that bypassing the first tier notice stage potentially prejudiced the plaintiffs.  Specifically,
25 the Leuthold court found that bypassing the first step of the analysis would "deprive the court of
26 information and might deprive some plaintiffs of a meaningful opportunity to participate."  Id.

27      Here, the defendants object to conditional class certification, asserting plaintiffs have not
28 established they are similarly situated to proposed members of the class.  Defendants rely upon

1  arguments that the named plaintiffs were independent contractors rather than employees and point to

2  the deposition testimony of three of the named plaintiffs which, it is argued, demonstrate each of their

3  factual situations varied.  During oral argument, counsel for Burnham conceded that for purposes of the

4  FLSA, the courts have adopted a more expansive interpretation of the definitions of "employer" and

5  "employee," than the common law concepts of "employee" and "independent contractor."  Counsel also

6  conceded that the label parties use in contract documents do not control whether overtime pay is

7  required by the FLSA.  See  Real v. Driscoll Strawberry Associates, Inc., 603 F.2d 748, 754 (C.A.Cal.

8  1979) (reversing district judge's grant of summary judgment which found employees were

9  "independent contractors" as a matter of law based on parties' contract and identifying factors a trial

10 court should consider in determining whether plaintiffs were employees for purposes of the FLSA.)

11     The Supreme Court has identified a number of factors useful in distinguishing employees from

12 independent contractors for purposes of social legislation such as the FLSA.  Bartels v. Birmingham,

13 332 U.S. 126, 130 (1947).  The factors identified by the court in Bartels are illustrative but not

14 exhaustive.  Additionally, the determination of whether an employee/employer relationship exists for

15 purposes of social legislation such as the FLSA depends "upon the circumstances of the whole

16 activity."  Rutherford Food Corp. v. McComb, 331 U.S. 772, 730 (1947).  For purposes of social

17 legislation such as the FLSA, the court looks to economic reality in determining whether individuals are

18 the employees of a business in the sense they are dependent upon the business to which they render

19 service.  Bartels v. Birmingham, 332 U.S. at 130.

20     The court finds that plaintiffs' complaint allegations, coupled with their declarations which aver

21 they regularly worked in excess of forty hours per week without overtime pay compensation, and that

22 all of the painters with whom they worked, worked similar hours and were not paid overtime, meet the

23 plaintiffs' threshold burden.  For purposes of the first tier of the two-tier analysis, plaintiffs have

24 established they are similarly situated to other plaintiffs employed by Burnham and Centennial for

25 purposes of Section 216(b) conditional certification and notice.  Plaintiffs have made substantial

26 allegations that defendants Burnham and Centennial had a policy or plan which deprived the plaintiffs

27 of overtime pay in violation of the FLSA.  The fact intensive inquiries concerning whether the plaintiffs

28 are independent contractors or employees for purposes of the FLSA, and detailed analysis of whether

7

the plaintiffs are sufficiently similarly situated to maintain the class are more appropriately decided after notice has been given, the deadline to opt in has passed, and discovery has closed.  Once discovery has been completed, the defendants may move to decertify the collective action class on a fully developed record.

## II.  Notice of Conditional Collective Action Certification

During oral argument, counsel for Burnham argued that if the court was inclined to grant the motion, the court should limit notice to "production workers" of Burnham and Centennial.  Counsel for Burnham also argued that the proposed time period, from September 15, 2003 to the present was overly broad, and exceeded the applicable statute of limitations for asserting these claims.  Counsel agreed to meet and confer in an effort to agree on a proposed notice to circulate to the class.  The court required counsel to meet and confer in an effort to arrive at a mutually agreeable form of proposed notice of pendency of collective action and to submit this stipulated notice on June 15, 2007, or, in the event the parties were unable to agree, to submit their competing proposals.  The parties submitted a Stipulation and proposed order memorializing their agreements on certain issues (#68), and submitted their competing proposals (##69, 70) on the issues where no agreement was reached.  The court will, therefore, enter a separate order outlining the contents of the notice of pendency of collective action lawsuit.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1.  Plaintiffs' Motion for Collective Action Certification and Court Supervised Notice of Pending Collective Action (#40) is GRANTED in part and DENIED in part.  The motion is granted to the extent the court's supervised notice of pending collective action to painters working for Burnham and Centennial will be circulated in a form approved by the court in a separate written order.

2.  The Motion for Collective Action Class Certification and Court's Supervised Notice of Pending Collective Action (#40) is DENIED with respect to the request to include defendant Pulte Homes in the notice.

/ / /

8

3.    Burnham and Centennial shall serve counsel for plaintiff with a list of names, telephone numbers if available, and last known addresses of individuals who fit the class description, as defined by the court in its separate written order **no later than fifteen days** from entry of the order.

Dated this 25th day of June, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE