# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RUDY LEMUS, MANUEL LOPEZ ZARATE, ARTURO CARRENO GARCIA, NORMA URIBE, LINO CALDERON MENDOZA, individually and on behalf of other persons similarly situated,<br><br>              Plaintiff,<br><br>vs.<br><br>BURNHAM PAINTING AND DRYWALL CORPORATION, a Nevada corporation, LYLE T. BURNHAM, as an individual, PULTE HOME CORPORATION, a Michigan corporation, CENTENNIAL DRYWALL SYSTEMS, INC., a Utah corporation, and DOES 1 through 10,<br><br>              Defendant. | Case No. 2:06-cv-01158-RCJ-LRL<br><br>**ORDER** |

Currently before the Court is Pulte Home Corporation's (hereinafter "Pulte Home") Motion for Summary Judgment and Request for Order Dismissing Class Action Claims. (Doc. 95). Rudy Lemus, Manuel Lopez Zarate, Arturo Carreno Garcia, Norma Uribe, and Lino Calderon Mendoza (collectively "Plaintiffs") filed a timely opposition to the motion on January 8, 2008. (Doc. 96). On January 9, 2008, Burnham Painting and Drywall and Lyle T. Burnham (collectively "Burnham Painting") joined Pulte Home's Motion for Summary Judgment and Request for Order Dismissing Class Action Claims. (Doc. 98). On January 22, 2008, Pulte Home submitted its Reply in Support of its Motion for Summary Judgment and Request for Order Dismissing Class Action Claims. (Doc. 100). This motion came before this Court for hearing on oral argument on March 3, 2008.

### I.  FACTUAL BACKGROUND

Plaintiffs filed their Complaint on September 15, 2006 wherein they allege Burnham Painting, as well as defendant Centennial Drywall Systems, Inc., has violated provisions of the Fair Labor Standards Act. Plaintiffs allege that Pulte Home is also liable for unpaid overtime wage pursuant to Nevada Revised Statute 608.150. Plaintiffs also allege Federal Rule of Civil Procedure 23 class action allegations against Pulte Home, Burnharn Painting, and Centennial Drywall Systems, Inc.

### II.  SUMMARY JUDGMENT STANDARD

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* FED. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323. Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

### III.  ANALYSIS

For the reasons set forth below, this Court finds that Plaintiffs Rudy Lemus, Manuel Lopez Zarate, Arturo Carreno Garcia, Norma Uribe, and Lino Calderon Mendoza have failed to set forth sufficient evidence to create a triable issue of material fact as to their individual claims for relief pursuant to Nev. Rev. Stat 608.150 against Pulte Home. Further, this Court finds that after 18 months of discovery Plaintiffs have failed to produce sufficient evidence to support their Federal Rule of Civil Procedure 23 class action allegations against Pulte Home and Burnham Painting.

### A.    Federal Rule of Civil Procedure 23 Class Action Allegations

Plaintiffs concede that they will be unable to set forth facts sufficient to support their Fed. R. Civ. P. 23 class action allegations against Pulte Home or Burnham Painting. (Doc. 61). Accordingly, this Court grants Pulte Home and Burnham Painting's requests for an Order dismissing all Federal Rule of Civil Procedure 23 class action allegations. Further, on October 22, 2007, this Court denied Plaintiffs' motion for Fair Labor Standards Act Conditional Collective Action Certification and Court Supervised Notice of Pending Collective action in respect to Plaintiffs' request to name Pulte Home in the notice. (Doc. 58). Consequently, this Court finds Plaintiffs' only allegation against Pulte Home is under its Fifth Cause of Action, pursuant to Nevada Revised Statute 608.150. The only parties to the Fifth Cause of Action are Pulte Home and the five named Plaintiffs. Thus, this Court finds that since Plaintiffs Rule 23 class allegations are dismissed, in their entirety, with prejudice, the opt-in plaintiffs assert no claim against Pulte Home in this action.

### B.    Plaintiffs Individual Claims Against Pulte Home Pursuant to Nev. Rev. Stat. 608.150

#### 1.    Norma Uribe, Manuel Lopez Zarate and Lino Calderon

Norma Uribe, Manuel Lopez Zarate and Lino Calderon testified at deposition that they never worked on a Pulte Home construction project. (Doc. 96). Therefore, none of these Plaintiffs could have possibly accrued overtime wages while completing work on a Pulte Home construction project. Thus, this Court grants Pulte Home's motion for summary judgment as to Ms. Uribe, Mr. Lopez Zarate and Mr. Calderon Mendoza's individual claims pursuant to Nev. Rev. Stat. 608.150, and this Court dismisses all three Plaintiffs' claims, in their entirety, with prejudice.

#### 2.    Rudy Lemus

Mr. Lemus testified at his deposition that he does not know if he has ever worked on a Pulte Home project during his tenure at Burnham Painting (Doc. 96). In their Opposition, Plaintiffs'

counsel identified one unsigned invoice allegedly reflecting that Mr. Lemus worked on one Pulte Home construction project, "Cordova," where he performed "Interior Misc." work valued at $15. Even if the Court assumes this invoice is authentic, the invoice alone is insufficient to create a triable issue of material fact. This invoice at best establishes that Mr. Lemus may have worked a short period of time on one Pulte Home project. It does not establish that he worked overtime hours on a Pulte Home Project for which he has not been paid. Accordingly, this Court grants Pulte Home's motion for summary judgment as to Mr. Lemus' individual claim pursuant to Nev. Rev. Stat. 608.150 and dismisses Mr. Lemus' claim in its entirety, with prejudice.

### 3. Arturo Carreno Garcia

Plaintiffs failed to offer any evidence to create a triable issue of material fact or otherwise support Mr. Carreno Garcia's claim that he accrued overtime wages on a Pulte Home construction project. To avoid summary judgment, it is insufficient to assert merely that Mr. Carreno Garcia has worked on Pulte Home construction project because Mr. Carreno Garcia often worked on multiple construction projects, for various builders, in one workweek. Without evidence demonstrating that Mr. Carreno Garcia accrued overtime wages on a Pulte Home project, Mr. Carreno Garcia's claims cannot survive Pulte Home's summary judgment motion. Accordingly, this Court grants Pulte Home's motion for summary judgment and dismisses Mr. Carreno Garcia's individual claim pursuant to Nev. Rev. Stat. 608.150, in its entirety, with prejudice.

**IV.  CONCLUSION**

IT IS THEREFORE HEREBY ORDERED that Defendant Pulte Homes Corporation's Motion for Summary Judgment and Request For Order Dismissing Class Action Claim (Doc. 95) is GRANTED in its entirety and the entire action against Defendant Pulte Homes Corporation is dismissed with prejudice.

1       IT IS ALSO HEREBY ORDERED THAT, Defendant Burnhan Painting's Joinder in Pulte

2 Home's Corporations Motion for Summary Judgment and Request for Order Dismissing Class

3 Action Claim (Doc. 98) is GRANTED.  The Rule 23 class action allegations against Burnham

4 Painting are dismissed with prejudice.

5       DATED: August 7, 2008

                                         _____
                                         Robert C. Jones
                                         United States District Judge

24 (mr)