# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RUDY LEMUS et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:06-cv-01158-RCJ-PAL |
| ) | |
| BURNHAM PAINTING & DRYWALL CORP. ) | **ORDER** |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs sued Defendants on five causes of action under the Fair Labor Standards Act and Nevada state labor laws. (Compl., Sept. 15, 2006, ECF No. 1). The Court denied a motion to dismiss but granted a motion for summary judgment as to one Defendant and dismissed the class action claims as to all Defendants. The remainder of the case settled for $65,000. Plaintiffs requested attorneys fees of $317,063.75 and litigation expenses of $21,599.11. (Mot., May 21, 2009, ECF No. 186). The Court awarded $100,000 in fees and $21,599.11 in litigation expenses. (Order, Sept. 30, 2009, ECF No. 198). Plaintiffs appealed. The Court of Appeals approved most of the Court's reasoning but vacated and remanded for further proceedings on the following issues: (1) whether and why it was unreasonable for counsel to assign certain tasks to senior attorneys rather than junior attorneys; (2) whether and to what extent the Court awarded the $22,434.72 billed for preparing the fee request itself; and (3) why the Court excluded $24,793.80 in requested statutory costs. (Mem., Apr. 12, 2011, ECF No. 210).

The Court now provides the requested explanations. First, the Court retracts its statement

1  that it was unreasonable for counsel to assign work mainly to senior attorneys. *See Moreno v.
2  City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008).  The Court, however, still finds that
3  the $100,000 award of fees is the amount that is reasonable for the reasons given in the original
4  order.

5  Second, the Court meant to include the request for fees related to preparing the fee
6  request itself and to reduce that amount proportionately along with the total request.  The Court
7  did not mean to imply through silence that the fees requested for work spent on the fee request
8  itself were categorically excluded from the award.

9  Third, Plaintiffs requested $24,793.80 in statutory costs in a separate bill of costs that
10 was not incorporated into their attorney's fee motion. (*See* Bill of Costs, May 21, 2009, ECF No.
11 188).  But no costs have been taxed to this day.  The Clerk refused to tax costs because Plaintiffs
12 filed their bill before the Court entered judgment. (Clerk's Mem., June 8, 2009, ECF No. 190).
13 The Court granted the requested $21,599.11 in litigation expenses under 29 U.S.C. § 216(b) but
14 granted nothing by way of costs because Plaintiffs had not moved the Court for an award of
15 costs, which they could not have done because the Clerk had not yet taxed costs.  Plaintiffs must
16 serve and file a bill of costs with the Clerk, if they still can, in accordance with Local Rule 54-1.

## CONCLUSION

IT IS HEREBY ORDERED that attorney's fees are AWARDED in the amount of $100,000, and litigation expenses are AWARDED in the amount of $21,599.11.

IT IS SO ORDERED.

Dated this 22nd day of April, 2011.

_____
ROBERT C. JONES
United States District Judge